## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL D. BUSSEY, Individually and For Others Similarly Situated,**<br>    Plaintiff,<br><br>v.<br><br>**GENESIS TECHNICAL STAFFING, INC.,**<br>    Defendant. | Case No. _____<br><br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COMPLAINT

### SUMMARY

1. Genesis Technical Staffing, Inc. failed to pay Michael D. Bussey, and other workers like him, overtime as required by the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201 *et. seq.*

2. Instead, Genesis paid Bussey, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Bussey brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District. Bussey performed work for Genesis in West Feliciana Parish, Louisiana.

### THE PARTIES

6. Bussey was an hourly employee of Genesis who performed work for Genesis on behalf of Genesis's client Entergy. His written consent is attached as Exhibit A.

7.      Genesis is an Alabama corporation and may be served with process by serving its registered agent at Northwest Registered Agent, LLC, 201 Rue Beauregard, Suite 202, Lafayette, Louisiana 70508.

### COVERAGE UNDER THE FLSA

8.      At all times hereinafter mentioned, Defendant was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.      At all times hereinafter mentioned, Defendant was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.     At all times hereinafter mentioned, Defendant was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

11.     At all times hereinafter mentioned, Bussey and the Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

### THE FACTS

12.     Genesis is a nationwide staffing company providing workers to a variety of energy related industries.

13.     Bussey was an hourly employee of Genesis and performed work at an Entergy nuclear energy facility through Genesis.

14.     Bussey was not paid on a salary basis.

15. Bussey was not paid a salary guarantee.

16. Bussey was hired around July 2017.

17. Bussey left Genesis's employment near the end of May 2018.

18. Genesis paid Bussey by the hour.

19. Genesis paid Bussey $80 per hour.

20. Bussey reported the hours he worked to Genesis on a regular basis.

21. If Bussey worked fewer than 40 hours in a week, would be paid only for the hours he worked.

22. The hours Bussey worked are reflected in Genesis's records.

23. Genesis paid Bussey at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

24. Rather than receiving time and half as required by the FLSA, Bussey only received "straight time" pay for overtime hours worked.

25. This "straight time for overtime" payment scheme violates the FLSA.

26. Genesis was aware of the overtime requirements of the FLSA.

27. Genesis nonetheless failed to pay certain hourly employees, such as Bussey, overtime.

28. Genesis's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

### COLLECTIVE ACTION ALLEGATIONS

29. Genesis's illegal "straight time for overtime" policy extends beyond Bussey.

30. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim

for collective treatment); *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

31. Genesis has paid hundreds of hourly workers using the same unlawful scheme.

32. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

33. The workers impacted by Genesis's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All hourly employees of Genesis Technical Staffing, Inc. who were, at any point in the past 3 years, paid "straight time for overtime."**

## CAUSE OF ACTION

34. By failing to pay Bussey and those similarly situated to him overtime at one-and-one-half times their regular rates, Genesis violated the FLSA's overtime provisions.

35. Genesis owes Bussey and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

36. Because Genesis knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Genesis owes these wages for at least the past three years.

37. Genesis is liable to Bussey and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

38. Bussey and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

39. Bussey prays for relief as follows:

a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

b. Judgment awarding Bussey and those similarly situated to him all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

d. All such other and further relief to which Bussey and those similarly situated to him may show themselves to be justly entitled.

Respectfully submitted:

*/s/ Philip Bohrer*
Philip Bohrer (#14089)
phil@bohrerbrady.com
Scott E. Brady (#24976)
scott@bohrerbrady.com
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

**AND**

Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

                                          Richard J. (Rex) Burch
                                          Texas Bar No. 24001807
                                          **BRUCKNER BURCH, P.L.L.C.**
                                          8 Greenway Plaza, Suite 1500
                                          Houston, Texas 77046
                                          713-877-8788 – Telephone
                                          713-877-8065 – Facsimile
                                          rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**